UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

BOBBY JONES-HANLEY,

        Defendant.

No.  2:13-CR-00265-MCE

**ORDER**

Defendant Bobby Jones-Hanley ("Defendant") was convicted of Possession of Partially or Wholly Executed Counterfeit Obligation of the United States in violation of 18 U.S.C. § 474(a) after he pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement. Under the terms of that agreement, Defendant was sentenced to 84 months of imprisonment and a term of supervised release of 60 months.  On November 3, 2016, Defendant filed a Motion for Modification of Probation Under 18 U.S.C. § 3563(c), to Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure 36, and for Modification of Sentence Under 18 U.S.C. § 3582(c)(2).  ECF No. 42.  This matter was referred to the Office of the Federal Defender, which subsequently filed a notice indicating that it would not be supplementing Defendant's motions.  ECF No. 46.  The Government opposed Defendant's request.  ECF No. 50.  Defendant then filed a Reply, by which he withdrew his request for modification of his sentence under § 3582(c)(2). ECF No. 52.  For the reasons that follow, Defendant's requests are DENIED.

1       Defendant's first request purportedly seeks to modify his terms of probation

2    pursuant to 18 U.S.C. § 3563(c). He has not been sentenced to a term of probation,

3    however, and thus acknowledges that his motion should instead be construed as

4    requesting modification of the conditions of his term of supervised release under

5    18 U.S.C. § 3583(e). Such a motion, however, is, in effect, a collateral attack on his

6    sentence that should properly be brought pursuant to 28 U.S.C. § 2255, which right

7    Defendant waived by way of his written plea. Moreover, even if Defendant had not

8    waived his right to collaterally attack his sentence, his current motion would be untimely

9    as filed well outside of § 2255's one-year statute of limitations.[1] See 28 U.S.C.

10    § 2255(f).

11       To the extent Defendant seeks correction of clerical error pursuant to Federal

12    Rule of Criminal Procedure 36, this argument must also be rejected because Defendant

13    does not actually seek to correct clerical error, and instead seeks to substantively modify

14    the judgment. See Fed. R. Crim. P. 36 ("After giving any notice it considers appropriate,

15    the court may at any time correct a clerical error in a judgment, order, or other part of the

16    record, or correct an error in the record arising from oversight or omission."). The

17    Court's recommendation to the Bureau of Prisons with regard to the 500-hour RDAP

18    substance abuse treatment program was not the result of clerical error. Nor do

19    Defendant's requests for new recommendations as to placement and vocational training

20    so qualify.

21       Finally, Defendant withdrew his request for modification of his sentence in light of

22    the Government's opposition that makes clear that Amendment 791, which reduced, in

23    relevant part, the loss amount thresholds in the loss tables, does not apply retroactively.

24    United States v. Geringer, 672 Fed. Appx. 651, 653 (9th Cir. 2016). Accordingly, this

25    request is DENIED as moot.

26    ///

27

28

_____

[1] The Court also notes that any issues that could have been raised on direct appeal but were not, would be procedurally defaulted.

2

The Court commends Defendant for recognizing the difficulties that go along with re-acclimating to society after a term of imprisonment and for taking proactive steps to attempt to position himself for success. But it lacks the authority to grant Defendant's requests, and his Motion (ECF No. 42) is DENIED.

IT IS SO ORDERED.

Dated: November 28, 2017

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE